Chen v. Holder

BIA
Brennan, IJ
A099 532 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of May, two thousand eleven.

PRESENT:
>JOSÉ A. CABRANES,
>BARRINGTON D. PARKER,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

ZHI TAN CHEN,
>*Petitioner,*

>>v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

09-2314-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | Jim Li, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Zhi Tan Chen, a native and citizen of China, seeks review of a May 4, 2009, decision of the BIA affirming the July 17, 2007, decision of Immigration Judge ("IJ") Noel Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Tan Chen*, No. A099 532 552 (B.I.A. May 4, 2009), *aff'g* No. A099 532 552 (Immig. Ct. N.Y. City July 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). Because Chen does not meaningfully challenge the agency's denial of his application for withholding of removal or CAT relief, we consider only the agency's denial of his asylum claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (concluding that issues not sufficiently argued in the briefs are considered

waived and normally will not be addressed on appeal). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir.2005).

The agency correctly concluded that Chen was not eligible for asylum based solely on his wife's forced abortion and sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Nonetheless, even though he was not *per se* eligible for relief on that basis, he could have established his eligibility for relief by demonstrating that he engaged in "other resistance" to the family planning policy and that he either suffered past persecution or had a well founded fear of future persecution on account of that resistance. 8 U.S.C. § 1101(a)(42); *Shi Liang Lin*, 494 F.3d at 313.

The agency reasonably found, however, that Chen failed to demonstrate past persecution or a well-founded fear of future persecution, as, even taken cumulatively, the harms he suffered did not constitute persecution. While Chen claims that family planning officials pushed him out of their office, causing him to hit his back on a doorknob and resulting in a small bruise, the agency reasonably

3

determined that this physical mistreatment, considered with other claimed harms, did not constitute past persecution, as Chen was not detained at the time and did not establish that he suffered any significant harm as a result. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that "the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis"); *Jian Qui Liu v. Holder*, No. 09-5258-ag, 2011 WL 199123, at *1-2 (2d Cir. Jan. 24, 2011) (holding that a minor beating by family planning officials prior to arrest and detention by police, and carried out without any intention to arrest or detain, need not constitute persecution).

In addition, the agency reasonably determined that the threats by family planning officials to call the police if Chen did not stop arguing with them or speaking to other villagers about the family planning policy did not constitute persecution, given that Chen did not specify what harm would have resulted if the police were called, and the threats remained unfulfilled even though he remained in China for more than three years after his wife was sterilized. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (determining that an

4

ambiguously worded order to attend a birth control study class did not amount to past persecution).

The agency also reasonably determined that Chen failed to establish a well founded fear of future persecution, as he did not present any argument or evidence indicating that he would suffer more severe harm upon return to China than he had suffered in the past. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (requiring an applicant to demonstrate that his subjective fear is objectively reasonable); *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent "solid support in the record" for petitioner's claim that he would be persecuted under the family planning policy, his fear was "speculative at best").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5